AMBROSE WOODS v. STATE.

No. A-7295. Opinion Filed Oct. 11, 1930.
(292 Pac. 393.)

Wm. B. Thompson, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. The evidence of the state was that Mary Crawford, the prosecuting witness, was a 15 year old girl who lived on a farm between Tulsa and Sand Springs with her parents; that she had been away at school and had recently returned home; that on the evening the crime was alleged to have been committed she was wearing her father's coveralls, and went for a ride upon an old horse belonging to a neighbor; that she left her home about 8 o'clock in the evening, and had gone several miles and become confused as to roads and directions; that, among other places where she stopped to inquire the way home, was a schoolhouse where a supper was being held by colored people; that, shortly after she left this schoolhouse the defendant overtook her and walked in the same direction in which she was going, carrying on a conversation with her; that defendant made indecent proposals to her and finally stopped the horse, pulled her off of the same, and with a knife in his hand, threw her to the ground and raped her; that defendant then picked her up and seated her back on the horse and started her for home.

The prosecutrix is corroborated in her evidence as to every material fact in the case except the actual act of rape. The defendant was in the neighborhood where the crime

was committed, and a medical examination of the prosecutrix revealed the fact that she had been assaulted. She identified the defendant among a small group of negroes in the sheriff's office as the one who had committed the crime, and positively identified the defendant in the courtroom. The defense was an alibi. Defendant in his brief says:

"Without waiving any of the other assignments of error, for logical reasons, we shall first discuss the first and second assignments of error, to wit:

"First: That the verdict is not sustained by the evidence."

It is sufficient answer to this objection to say that there is an abundance of evidence in the record to support the verdict of the jury. This court has many times held that it will not reverse a case on the ground of insufficiency of the evidence where there is competent evidence in the record to support the verdict of the jury.

"Second: The length of the sentence, appearing to have been given under the influence of passion and prejudice."

The crime the defendant was found guilty of by the jury is a most heinous one. The Legislature has seen fit to fix the punishment at not less than 15 years in the penitentiary as the minimum, and death as the maximum. When all of the facts and circumstances in the case are considered, it is evident to the court that the jury gave the defendant the benefit of every possible mitigating circumstance, and that this is evidenced by the fact that the jury only assessed defendant's punishment at 20 years in the penitentiary.

The other errors complained of are without substantial merit. The defendant was given a fair trial; he was

ably represented by his counsel, not only in the trial of the case, but in the presentation of the same to this court; the trial judge was liberal in his rulings to the defendant, and he was given every opportunity to make his defense.

It appearing that the defendant had a fair trial and that the evidence supports the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.